# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID DIXON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-1060 |
| | ) | Judge Nora Barry Fischer |
| DON ALLEN AUTO CITY d/b/a | ) | |
| DON ALLEN MOTOR CARS, INC. d/b/a | ) | |
| DON ALLEN, d/b/a DON ALLEN HONDA, | ) | |
| d/b/a DON ALLEN KIA, | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Pending before the Court are several motions in limine filed by the parties in this action. This Memorandum Order addresses the following motions in limine filed by Plaintiff David Dixon ("Plaintiff"): (1) Plaintiff's Motion in Limine to Preclude Evidence of Lost Wages or Mitigation to the Jury (Docket No. 23); and (2) Plaintiff's Motion in Limine to Preclude Evidence of Amount of Unemployment Compensation Benefits (Docket No. 24). The Court now addresses each, in turn.

1. *Plaintiff's Motion in Limine to Preclude Evidence of Lost Wages or Mitigation to the Jury* (Docket No. 23)

In this Motion, Plaintiff seeks to preclude Defendant Don Allen Auto City ("Defendant") from introducing at trial any evidence of back pay loss or mitigation. (Docket No. 23). Defendant does not object to said Motion but purports to reserve the right to introduce such evidence if Plaintiff first introduces same and further requests that the Court order that "*any* evidence of lost wages - both back pay and front pay -" be excluded at trial. (Docket No. 33 at ¶¶ 1-3). Given the parties' agreement that Defendant is precluded from introducing evidence of back pay loss and mitigation at trial, Defendant shall be precluded from presenting the same at trial in the first instance. *See*

1

*Spencer v. Wal-Mart Stores, Inc.*, 469 F.3d 311, 315 (3d Cir. 2006)(holding that back pay is a "form of equitable relief awarded at the discretion of the court"). Further, the Court will rule on the admissibility of the scope of any rebuttal evidence if same will be presented as described by Defendant at trial.

In addition, to the extent that Defendant concedes that it is cannot present evidence of lost wages as to front pay at trial, Defendant shall be precluded from introducing said evidence as such determination is for the Court. To the extent that Defendant seeks to preclude Plaintiff from presenting the same, the Court turns to Defendant's argument.

Defendant argues that evidence of front pay should be precluded under *Spencer* as it is also considered an equitable remedy under section 706(g), relying on *Pollard v. E.I. du Pont de Nemours & Co.*, 532 U.S. 843, 853-54 (2001) and *Blum v. Witco Chem. Corp.*, 829 F.2d 367 (3d Cir. 1987). (Docket No. 33 at ¶ 3).

In *Pollard v. E.I. du Pont de Nemours & Co.*, 532 U.S. 843, 853 (2001), the Supreme Court addressed the issue of "whether front pay constitutes an element of 'compensatory damages' under 42 U.S.C. § 1981a and thus is subject to the statutory damages cap imposed by that section." In so doing, the Supreme Court found that front pay did not constitute compensatory damages under that section but was instead authorized by section 706(g) of the Civil Rights Act of 1991. *Id*. at 853-54.

The applicable portion of section 1981a provides that "[c]ompensatory damages awarded under this section shall not include backpay, interest on backpay, or any other type of relief authorized under section 706(g) of the Civil Rights Act of 1964 [42 U.S.C.A. § 2000e-5(g)]." 42 U.S.C. § 1981a(b)(2). Section 706(g) is codified at 42 U.S.C. § 2000e-5(g)(1) and provides, in pertinent part, that:

> If the court finds that the respondent has intentionally engaged in or is intentionally engaging in an unlawful employment practice charged in the complaint, the court may ... order such affirmative action as may be appropriate, which may include, but is not limited to, reinstatement or hiring of employees, with or without back pay (payable by the employer, employment agency, or labor organization, as the case may be, responsible for the unlawful employment practice), or any other equitable relief as the court deems appropriate.

42 U.S.C. § 2000e-5(g)(1). As an award of front pay is not a form of compensatory damages and is authorized by section 706(g) under *Pollard*, such an award is therefore equitable in nature. The United States Court of Appeals for the Third Circuit has held the same in *Blum*, finding that a front pay award "is the monetary equivalent of the equitable remedy of reinstatement." *Blum*, 829 F.2d at 383.

In *Spencer*, the Court of Appeals affirmed the district court's decision that back pay, a form or equitable relief under 42 U.S.C. § 2000e-5(g)(1), "was an equitable remedy reserved for the court." *Spencer*, 469 F.3d at 315. Likewise, an equitable remedy of front pay in lieu of reinstatement authorized under 42 U.S.C. § 2000e-5(g)(1) should also be reserved for the Court. Moreover, any evidence of lost wages as to front pay are not relevant to the jury's determination of the issues in this case and must be precluded under Rule 401 and 402 of the Federal Rules of Evidence.

Accordingly, based on the foregoing, Plaintiff's Motion in Limine to Preclude Evidence of Lost Wages or Mitigation to the Jury [23] is GRANTED and the parties are precluded from presenting any evidence of lost wages, including both back pay and front pay at trial.

2.    *Plaintiff's Motion in Limine to Preclude Evidence of Amount of Unemployment Compensation Benefits* (Docket No. 24)

Plaintiff has also moved to preclude Defendant from presenting at trial evidence of Plaintiff's

receipt of unemployment benefits and the amount of such benefits. (Docket No. 24). In response, Defendant does not object to said Motion, but again purports to reserve the right to introduce such evidence if Plaintiff first introduces evidence on the issue. (Docket No. 34). Specifically, Defendant contends that "if Plaintiff testifies about how he was financially harmed due to the loss of his job and lack of income, Defendant may properly elicit testimony or other evidence to show that Plaintiff received unemployment compensation which lessened any financial hardship he may have suffered." (*Id*.). As the parties agree that Defendant is precluded from presenting evidence of Plaintiff's unemployment benefits at trial, Defendant shall be precluded from introducing said evidence. *See Craig v. Y & Y Snacks, Inc.*, 721 F.2d 77, 83 (3d Cir. 1983)(holding that "unemployment benefits should not be deducted from a Title VII back pay award"). Further, the Court will rule on the admissibility of the scope of any rebuttal evidence as described by Defendant at trial. At that time, the Court will also address the need, if any, for a limiting instruction. Accordingly, Plaintiff's Motion in Limine to Preclude Evidence of Amount of Unemployment Compensation Benefits [24] is GRANTED.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date:   January 7, 2009

cc/ecf:  All Counsel of Record.